UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MILTON WILSON | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-2708 |
| DR. JOSE HAM, ET AL. | * | SECTION "B" (2) |

## ORDER AND REASONS

On April 19, 2024, Judge Lemelle granted in part Plaintiff Milton Wilson's Motion to Appoint Counsel and referred the remainder of the motion to the undersigned for the limited unresolved issue of Plaintiff's ability to pay privately retained counsel pursuant to the United States District Court for the Eastern District of Louisiana's Resolution for Appointment of Pro Bono Counsel in Civil Cases and 28 U.S.C. § 1915(e)(1).  ECF No. 47.  In order to assess Plaintiff's financial condition, the undersigned ordered Plaintiff to complete and return AO Form 240, which requires disclosure of certain financial information to determine financial eligibility to proceed without prepayment of fees or costs, on or before May 21, 2024.   ECF No. 49.  Plaintiff timely filed a Response and a Supplemental Response.  ECF Nos. 52, 54.

Having considered the record, Plaintiff's completed AO Form 420, and the applicable law, it is ORDERED that Plaintiff be appointed counsel from the Pro Bono Panel given his inability to pay privately retained counsel.

I. **BACKGROUND**

Plaintiff was an inmate housed in the St. Tammany Parish Jail when he brought this 42 U.S.C. § 1983 action against Dr. Jose Ham, St. Tammany Parish Jail Warden Daniel Fleischman, and St. Tammany Parish Sheriff Randy Smith, each in their individual and official capacities, for alleged medical indifference related to the treatment of his asbestosis while incarcerated. *See* ECF

No. 3 at 2 ¶¶ III, IV. With leave of the court, Plaintiff amended his complaint to add as a defendant his treating physician, Dr. Samuel Gore, also sued in his individual and official capacities. ECF No. Doc. 22. After conducting a *Spears* hearing, the undersigned recommended dismissal of all claims except those made against Dr. Gore in his individual capacity. *See* ECF Nos. 28, 31.

The district court adopted those Reports and Recommendations (ECF No. 40) and considered Plaintiff's Motion to Appoint Counsel. Relying on *Naranjo v. Thompson,* 809 F.3d 793, 799 (5th Cir. 2015) and *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982), the court determined that the remaining claims involve technical issues, including the applicable medical standard of care, requiring skill in presentation of evidence and in cross-examination of medical personnel witnesses and experts, and thus appointed counsel could help frame pertinent issues. ECF No. 47. Accordingly, the district judge granted in part Plaintiff's Motion to Appoint Counsel and referred the "limited and unresolved issue of plaintiff's ability to pay privately retained counsel" to the undersigned, noting that, should the undersigned determine that Plaintiff meets the financial requirements for counsel appointment, she may order appointment from the Civil Pro Bono Counsel Panel. *Id*.

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court. Section 2(a) of the May 1, 2024 Amended Resolution of the En Banc Court provides: "In cases filed by pro se prisoners, the Magistrate Judge may not appoint counsel until the Magistrate Judge or District Judge has determined that the case should proceed beyond the screening process required by 28 U.S.C. §1915A."

Plaintiff's completed AO 240 form reflects that he does not have the financial ability to secure private counsel. ECF No. 52. Although Plaintiff has approximately $1,300 and has no

debts or other financial obligations, this amount is insufficient to engage counsel to handle the entire case.[1] Moreover, while 42 U.S.C. § 1988 permits a court to award the prevailing party reasonable attorneys' fees,[2] denying an otherwise financially eligible party appointment of counsel solely on this basis would effectively require that his claim succeed, rather than merely survive frivolousness review. In short, Plaintiff has established his financial inability to engage private counsel. Accordingly,

IT IS ORDERED that the remainder of Plaintiff's Motion to Appoint Counsel (ECF No. 46) be GRANTED.

IT IS FURTHER ORDERED that, in light of the district judge's determination that an attorney should be appointed and the undersigned's finding of Plaintiff's financial eligibility, the Civil Pro Bono Counsel Panel Program Coordinator shall select an attorney for the appointment and provide that attorney's name and contact information to this Court. Once that information has been received, this Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel of record for Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court forward a copy of this Order and Reasons to the FBA-NO Civil Pro Bono Counsel Panel Program Coordinator.

New Orleans, Louisiana, this __22nd__ day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g., Moreno v. Pittman,* No. 10-161, 2011 WL 167571, at *1 (S.D. Miss. Jan. 19, 2011) (referencing $4,000 retainer fee in § 1983 action); *Soller v. Boudreaux,* No. 15-167, 2015 WL 500492, at *17 (E.D.N.Y. Feb. 3, 2015) ($5,000 retainer fee in § 1983 action); State of N.Y. v. Goldstein, No. 90-680, 1991 WL 147368 (W.D.N.Y. July 17, 1991) (ordering reimbursement of $5,000 for retainer fee paid in underlying § 1983 action); *Ermler v. Town of Brookhaven,* 795 F. Supp. 85, 86 (E.D.N.Y. Aug. 5, 1992) (noting attorney's receipt of $2,000 retainer in § 1983 action).

[2] 42 U.S.C. § 1988(b). *See also Sauceda v. City of San Benito,* 78 F.4th 174, 189, n.10 (5th Cir. 2023) (noting that, in some cases, a § 1983 plaintiff awarded nominal damages will be entitled to attorneys fees as well under 42 U.S.C. § 1988 (citing *Grisham v. City of Fort Worth*, 837 F.3d 564 (5th Cir. 2016)).